1

2

3                    IN THE UNITED STATES DISTRICT COURT

4               FOR THE NORTHERN DISTRICT OF CALIFORNIA

5  JOSE A. LOZANO,                         No. 09-01461 CW

6           Petitioner,                    ORDER DENYING
                                           PETITION FOR WRIT
7      v.                                  OF HABEAS CORPUS
                                           AND DENYING
8  BEN CURRY,                              CERTIFICATE OF
                                           APPEALABILITY
9           Respondent.

10 _____/

11

12      On September 3, 2009, Petitioner Jose Lozano, a state prisoner

13 currently incarcerated at California State Prison, Solano, in

14 Vacaville, California, filed this amended petition for a writ of

15 habeas corpus pursuant to 28 U.S.C. § 2254, challenging the

16 validity of his incarceration.  Respondent filed an answer.

17 Petitioner filed a traverse.  Having considered all the papers

18 submitted by the parties, the Court DENIES the petition for writ of

19 habeas corpus and DENIES a certificate of appealability.

20                              BACKGROUND

21      In 2006, Petitioner was charged with the following five counts

22 for causing a multi-vehicle car accident while driving under the

23 influence of alcohol and phencylidine (PCP): (1) violation of

24 California Vehicle Code §§ 23153(a) and 23558, driving under the

25 influence of alcohol and drugs proximately causing injury to more

26 than one person; (2) violation of Vehicle Code §§ 23152 and

27 23550.5(a), driving under the influence of a drug with a felony

28

United States District Court
For the Northern District of California

**United States District Court**
For the Northern District of California

1  prior within the last ten years;[1] (3) violation of Vehicle Code

2  §§ 20001(a) and (b)(1), causing a hit and run accident resulting in

3  injury or death; (4) violation of Vehicle Code § 20002(a)(1)-(2),

4  causing a vehicle accident involving property damage; and

5  (5) violation of California Health and Safety Code § 11550(a),

6  being under the influence of a controlled substance.  Counts four

7  and five were misdemeanors.  Resp.'s Ex. 6 at 1-2.

8      On March 12, 2007, Petitioner plead no contest to all five

9  counts.  Resp.'s Ex. 2 at 19.  He admitted that a prior conviction

10  for driving under the influence and inflicting bodily injury, for

11  which he was convicted in 1991, was both a prior strike and prior

12  serious felony conviction.  Id.; Resp.'s Ex. 1, at 304-06.  The

13  sentencing court informed Petitioner that the maximum sentence he

14  faced under his plea agreement was eighteen years and four months;

15  the maximum term he faced if he did not accept the agreement was

16  sixty-years to life.  Resp.'s Ex. 2, at 10-11.  Petitioner agreed

17  to waive his right to bring a Romero motion "in exchange for this

18  offer."  Resp.'s Ex. 2, at 16.  On May 10, 2007, Petitioner was

19  sentenced to a term of sixteen years and four months on counts one,

20  two and three, which included a five year enhancement for the 1991

21  prior serious felony conviction.  Resp.'s Ex. 6, at 2.

22  Additionally, the court sentenced Petitioner to ninety days on

23  counts four and five to run concurrent, which was deemed satisfied

24  at the time of sentencing.  Id. at 3.

25

26      [1]  The felony prior was Petitioner's conviction in 1997 for
driving under the influence.  Resp.'s Ex. 2 at 18.  This prior
27  conviction was not charged as a strike.  Id. at 19.

28                                    2

**United States District Court**
For the Northern District of California

1     On October, 2007, Petitioner timely appealed to the California

2   court of appeal, alleging that the trial court committed error when

3   it imposed a $117.50 penalty assessment in addition to a $50

4   criminal laboratory analysis fee.  Resp.'s Ex. 3 at 10.  On May 16,

5   2008, the court of appeal filed an unpublished opinion rejecting

6   Petitioner's claim and affirming the judgment.  Resp.'s Ex. 6.

7     Subsequently, Petitioner timely filed a petition for a writ of

8   habeas corpus in California superior court, alleging that his

9   sentence was unconstitutional and the result of ineffective

10  assistance of counsel, prosecutorial misconduct and judicial bias.

11  Resp.'s Ex. 7.  On September 4, 2008, in an one-page order, the

12  court denied the petition, finding that, under the circumstances,

13  "Petitioner received a very favorable plea bargain" and his claims

14  were baseless.  Id.  On September 23, 2008, the California court of

15  appeal summarily denied the same petition.  Resp.'s Ex. 8.

16    On April 3, 2009, Petitioner filed a petition for a writ of

17  habeas corpus in federal court, alleging ineffective assistance of

18  counsel.  On June 23, 2009, this Court issued an order staying

19  habeas proceedings pending Petitioner's exhaustion of his state

20  judicial remedies.  On August 26, 2009, the California Supreme

21  Court denied Petitioner's petition.  Resp.'s Ex. 10.  On September

22  3, 2009, Petitioner filed a motion in federal court for leave to

23  lift the stay on his habeas proceedings and simultaneously filed an

24  amended petition for writ of habeas corpus, alleging the same claim

25  of ineffective assistance of counsel as before.  On February 12,

26  2010, the Court issued an order lifting the stay.

27

28                                   3

**United States District Court**
For the Northern District of California

DISCUSSION

I.  Standard of Review

Under the Antiterrorism and Effective Death Penalty Act (AEDPA), a federal writ of habeas corpus may not be granted with respect to any claim that was adjudicated on the merits in state court unless the state court's adjudication of the claims: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d).

"Under the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." William v. Taylor, 529 U.S. 362, 412-13 (2000). "Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from the [Supreme] Court's decision but unreasonably applies that principle to the facts of the prisoner's case." Id. at 413. The only definitive source of clearly established federal law under 28 U.S.C. § 2254(d) is in the holdings of the Supreme Court as of the time of the relevant state court decision. Id. at 412.

When a state court reaches a decision on the merits, but provides no reasoning to support its conclusion, the habeas court

4

**United States District Court**
For the Northern District of California

1  must conduct an independent review of the record to determine

2  whether the state court clearly erred in its application of Supreme

3  Court law.  <u>Delgado v. Lewis</u>, 223 F.3d 976, 982 (9th Cir. 2000).

4  This review is not <u>de novo</u>; although the court independently

5  reviews the record, it still defers to the state court's ultimate

6  conclusion.  <u>Pirtle v. Morgan</u>, 313 F.3d 1160, 1167 (9th Cir. 2002).

7       In determining whether the state court's decision is contrary

8  to, or involved an unreasonable application of, clearly established

9  federal law, a federal court looks to the decision of the highest

10 state court to address the merits of a petitioner's claim in a

11 reasoned decision.  <u>Lajoie v. Thompson</u>, 217 F.3d 663, 669 n.7 (9th

12 Cir. 2000).  Here, the highest state court to issue an opinion

13 addressing Petitioner's claim is the Santa Clara County superior

14 court.  Because the state court opinion offered very little

15 analysis other than to note that Petitioner's sentence pursuant to

16 the plea agreement was very favorable, the Court conducts an

17 independent review of the record.

18 II.  Ineffective Assistance of Counsel

19      Petitioner's claim that trial counsel was ineffective rests

20 primarily on his argument that his 1991 conviction under Vehicle

21 Code § 23153(b), for driving under the influence and causing bodily

22 injury to another, was not a serious felony.  Resp.'s Ex. 1, at

23 304-306.  Petitioner claims his counsel (1) erroneously advised him

24 to admit that his prior conviction was a serious felony;

25 (2) improperly stipulated that there was a factual basis for

26 Petitioner's admission to the truth of the prior strike, when there

27 was insufficient proof; and (3) failed properly to investigate

28                                    5

**United States District Court**
For the Northern District of California

1  Petitioner's prior conviction before advising him to admit to it.

2       A claim of ineffective assistance of counsel is cognizable as

3  a claim of the denial of the Sixth Amendment right to counsel,

4  which guarantees not only assistance, but effective assistance of

5  counsel.  Strickland v. Washington, 466 U.S. 668, 686 (1984).  The

6  benchmark for judging any claim of ineffectiveness must be whether

7  counsel's conduct so undermined the proper functioning of the

8  adversarial process that the trial cannot be relied upon as having

9  produced a just result.  Id.  Strickland also applies to challenges

10  to guilty pleas.  Hill v. Lockhart, 474 U.S. 52, 58 (1985).

11       To prevail under Strickland, a petitioner must pass a two-

12  prong test.  First, the petitioner must show that counsel's

13  performance was deficient in a way that falls below an objectively

14  reasonable standard.  Strickland, 466 U.S. at 687-88.  Second, the

15  petitioner must show that the deficiency prejudiced him.  Id. at

16  687.  The first prong of Strickland requires a showing that counsel

17  made errors so serious that counsel was not functioning as the

18  "counsel" guaranteed by the Sixth Amendment.  Id.  Judicial

19  scrutiny of counsel's performance must be highly deferential, and a

20  court must indulge a strong presumption that counsel's conduct

21  falls within the wide range of reasonable professional assistance.

22  Id. at 689; Wildman v. Johnson, 261 F.3d 832, 838 (9th Cir. 2001).

23       In the context of guilty pleas, Strickland's "prejudice"

24  requirement focuses on whether counsel's ineffective assistance

25  affected the outcome of the plea process; that is, the petitioner

26  must show "a reasonable probability that, but for counsel's errors,

27  he would not have pleaded guilty and would have insisted on going

28                                      6

**United States District Court**
For the Northern District of California

1   to trial."  <u>Hill</u>, 474 U.S. at 59.  A reasonable probability is a

2   probability sufficient to undermine confidence in the outcome.

3   <u>Strickland</u>, 466 U.S. at 694.  It is unnecessary for a federal court

4   considering an ineffective assistance of counsel claim to address

5   the prejudice prong of the <u>Strickland</u> test if the petitioner cannot

6   establish incompetence under the first prong.  <u>Siripongs v.</u>

7   <u>Calderon</u>, 133 F.3d 732, 737 (9th Cir. 1998).

8        Under California law, any person convicted of a serious felony

9   who has also previously been convicted of a serious felony receives

10  a five-year enhancement for the prior conviction.  Cal. Pen. Code

11  § 667.  Any felony in which the defendant personally inflicts

12  "great bodily injury" on another person, other than an accomplice,

13  is considered a serious felony.  Cal. Pen. Code § 1192.7(c)(8).

14       Plaintiff does not dispute that his 2006 offense involved

15  infliction of great bodily injury.  However, Petitioner contends

16  that there was insufficient evidence to support a finding that his

17  1991 conviction for driving under the influence and causing bodily

18  injury was a serious felony.  He maintains that the only evidence

19  available to the prosecution was the probation officer's report

20  stating that one of the victims, Frankie Martinez, suffered

21  fractured ribs, a broken clavicle and closed head injuries.  He

22  argues that this report was insufficient to prove great bodily

23  injury because it was inadmissible hearsay.  In support of his

24  argument, Petitioner cites <u>People v. Trujillo</u>, 40 Cal. 4th 165

25  (2006), and <u>People v. Thoma</u>, 150 Cal. App. 4th 1096 (2007).

26       <u>Trujillo</u> is inapposite.  There, the prosecution argued that

27  Trujillo's prior conviction for inflicting corporal injury was a

28                                    7

**United States District Court**
For the Northern District of California

1    serious felony based on Trujillo's statement to the probation

2    officer, included in the probation report, that he had used a

3    knife.  <u>Trujillo</u>, 40 Cal. 4th at 171.  The California Supreme Court

4    held that this could not be used as a strike because, in the plea

5    bargain for the prior offense, the prosecution agreed to dismiss

6    the allegation that Trujillo had used a deadly or dangerous weapon.

7    <u>Id.</u> at 175.  Thus, Trujillo's post-conviction admission to his

8    probation officer that he had used a knife could not be used to

9    prove that the prior conviction involved use of a deadly or

10   dangerous weapon.  <u>Id.</u> at 179.  The facts here are not analogous.

11        <u>Thoma</u> does stand for the proposition that a statement in a

12   probation report, by itself, may be insufficient to prove great

13   bodily injury.  There, the defendant contested the allegation that

14   a prior conviction for driving under the influence causing bodily

15   injury, Vehicle Code § 23153(a), constituted a strike, arguing that

16   the record of the conviction did not show that he inflicted great

17   bodily injury.  <u>Id.</u> at 1098.  The defendant did not admit to the

18   strike.  <u>Id.</u> at 1099.  The evidence used to prove great bodily

19   injury included a pre-conviction probation report in which the

20   victim recounted her injuries to the probation officer, and a

21   police officer's testimony at the preliminary hearing describing

22   his conversation with the nurse who treated the victim.  <u>Id.</u> at

23   1100-01.  Although both the probation report and the officer's

24   testimony indicated that the victim had suffered fractured arms and

25   legs, as well as a fractured clavicle, the court of appeal held

26   that only transcripts of the preliminary hearing, the defendant's

27   guilty plea and the sentencing hearing could be considered in

28                                        8

**United States District Court**
For the Northern District of California

1 | determining the facts of a prior conviction allegation.  <u>Id.</u>  The

2 | court further held that the officer's testimony in the preliminary

3 | hearing was inadmissible because it involved multiple hearsay and

4 | that, as a result, the evidence was insufficient to prove the

5 | bodily injury in the prior strike.  <u>Id.</u> at 1103.  The court

6 | remanded the matter to trial court for re-sentencing or, at the

7 | prosecutor's election, retrial of the strike allegation.  <u>Id.</u> at

8 | 1104-05.

9 |     Petitioner is correct that the probation report from the 1991

10 | conviction, by itself, would not have been sufficient to prove

11 | great bodily injury.  However, the probation report indicates that

12 | all three of the victims testified at a preliminary hearing.

13 | Resp.'s Ex. 1, at 308.  Petitioner does not dispute this.  The

14 | testimony by Martinez regarding her injuries would be admissible to

15 | prove the great bodily injury involved in Petitioner's prior strike

16 | and would not be hearsay.  At the time Petitioner entered his plea,

17 | his trial counsel had access to the 1991 probation report which

18 | described Martinez' devastating injuries in detail and stated that

19 | she, as well as the other victims, had testified at the preliminary

20 | hearing.  Although the probation report does not indicate exactly

21 | what she said, it was not unreasonable for trial counsel to

22 | conclude, based on the probation report, that the prosecution would

23 | be able to present sufficient admissible evidence to prove great

24 | bodily injury in the form of the transcript of her testimony.

25 | There is no evidence suggesting that trial counsel failed properly

26 | to investigate Petitioner's prior conviction or that counsel was

27 | mistaken in stipulating that there was a factual basis for it.

28 |

United States District Court
For the Northern District of California

1  Petitioner provides no reason to believe that, if he had not

2  admitted to the prior serious felony conviction, the prosecution

3  could not have obtained a transcript of Martinez' testimony at the

4  preliminary hearing.  Given the gravity of Martinez' injury, it is

5  reasonable to assume that she would have described it sufficiently

6  to amount to great bodily injury.  Nor is there any indication that

7  any of the victims were Petitioner's accomplices.  Therefore, it

8  was reasonable for counsel to advise Petitioner to admit to the

9  enhancement.

10       Petitioner's counsel's performance was not deficient and does

11  not fall below an objectively reasonable standard.

12       Nor does Petitioner show that, "but for" trial counsel's

13  ineffectiveness, he would not have plead guilty and would have gone

14  to trial.  Petitioner merely argues that his sentence should have

15  been reduced by five years due to the enhancement for the prior

16  strike.  As the Santa Clara superior court noted when evaluating

17  his ineffective assistance of counsel claim, Petitioner was facing

18  a maximum sentence of sixty-six years to life had he gone to trial,

19  and the court rejected Petitioner's ineffective assistance of

20  counsel claim, in part, because Petitioner received a "very

21  favorable plea bargain."  Resp.'s Ex. 7 at 1.  Although Petitioner

22  disputes the sixty-six year maximum sentence, the court informed

23  him of the maximum sentence he faced when he entered his plea.

24  Resp.'s Ex. 2 at 11.  Because Petitioner plead guilty and admitted

25  the prior strike, he was sentenced to sixteen years and four

26  months, fifty years less than the maximum sentence he could have

27  received.  Thus, although Petitioner argues that, had he contested

28                                    10

his prior serious felony conviction, his sentence would have been eleven years and four months, he overlooks that, had he not admitted to the prior serious felony, he would not have received the benefit he did.  Therefore, Petitioner fails to satisfy the prejudice prong of the Strickland test.

Accordingly, Petitioner's claim for ineffective assistance of counsel fails.

                              CONCLUSION

For the foregoing reasons, the petition for writ of habeas corpus is DENIED.  The Court must rule on a certificate of appealability.  See Rule 11(a) of the Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254 (requiring district court to rule on certificate of appealability in same order that denies petition). A certificate of appealability should be granted "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  The Court finds that Petitioner has not made a sufficient showing of the denial of a constitutional right to justify a certificate of appealability. The Clerk of the Court shall enter judgment, terminate all pending motions, and close the file.

IT IS SO ORDERED.


Dated: 11/24/2010                    _____
                                     CLAUDIA WILKEN
                                     United States District Judge

United States District Court
For the Northern District of California

11

**United States District Court**
For the Northern District of California

1  UNITED STATES DISTRICT COURT
   FOR THE
2  NORTHERN DISTRICT OF CALIFORNIA

3
   JOSE A. LOZANO,
4                                                    Case Number: CV09-01461 CW
              Plaintiff,
5                                                    **CERTIFICATE OF SERVICE**
       v.
6
   BEN CURRY et al,
7
              Defendant.
8  _____/

9
   I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court,
10 Northern District of California.

11 That on November 24, 2010, I SERVED a true and correct copy(ies) of the attached, by placing said
   copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said
12 envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located
   in the Clerk's office.

13

14

15 Jose A. Lozano F-75812
   California State Prison - Solano
16 P.O. Box 4000
   Vacaville,  CA 95696-4000
17
   Dated: November 24, 2010
18                                        Richard W. Wieking, Clerk
                                          By: Nikki Riley, Deputy Clerk
19

20

21

22

23

24

25

26

27

28
                                          12